UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PHILLIP MERRIELL,

    Petitioner,

v.                                        Case No. 3:24cv501-LC-HTC

RICKY DIXON,

    Respondent.

_____/

REPORT AND RECOMMENDATION

Petitioner Phillip Merriell, proceeding *pro se* and *in forma pauperis*, filed a petition under 28 U.S.C. § 2254, seeking review of his conviction and sentence in Okaloosa County circuit court case number 2008 CF 1715, Doc. 1.[1] The undersigned finds the petition should be DISMISSED without an evidentiary hearing as an unauthorized successive petition.

I.      DISCUSSION

Merriell's petition is an unauthorized successive petition because he previously filed a federal petition in this Court, *Merriell v. Dixon*, 3:20-cv-05517-LC-MJF (N.D. Fla.), challenging the same conviction in 2008 CF 1715, which the Court dismissed with prejudice as untimely. Doc. 16. Although Merriell claims in

---

[1] Merriell also refers to Okaloosa County circuit court case number 2002 CF 2427. Doc. 1 at 1. That case involved the same charges as 2008 CF 1715 but was dismissed due to Merriell's extended incompetence to stand trial. Eventually, after Merriell's return to competency, the charges were reinstated in 2008 CF 1715. Doc. 1 at 5.

the petition that his prior habeas case was dismissed for failure to comply with a June 16, 2020 Order, a review of the Court's Order and the Magistrate Judge's Report and Recommendation shows that Merriell's representation is incorrect. In the Report and Recommendation, the Magistrate Judge specifically stated that the petition was "untimely by more than three years" and further rejected Merriell's equitable tolling argument. Doc. 15, in 3:20-cv-5517-LC-MJF. In adopting the Magistrate Judge's Report and Recommendation the Senior District Judge ordered the petition "**DISMISSED WITH PREJUDICE** as time barred." *Id.* at Doc. 16 (emphasis in original).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), before filing a second or successive § 2254 petition in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Eleventh Circuit, a second petition is subject to dismissal as an improper or successive petition. Indeed, a district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. *See Burton v. Stewart*, 549 U.S. 147, 152, 157 (2007) (holding that the district court lacked jurisdiction to entertain a second habeas petition because prisoner failed to obtain an order from the court of appeals

authorizing him to file the petition); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

Merriell, however, does not allege he obtained the requisite permission from the Eleventh Circuit Court of Appeals prior to filing the instant § 2254 petition. Merriell's failure to obtain permission from the Eleventh Circuit prior to filing the instant petition operates as a jurisdictional bar that precludes this Court's consideration of the merits of the petition. See 28 U.S.C. § 2244(b)(3)(A); *Fugate*, 310 F.3d at 1288.

## II. CONCLUSION

Because Merriell's petition challenges the same judgment at issue in Merriell's 2020 petition, which was denied as time-barred, this petition is second or successive, and, because there is no indication Merriell sought authorization from the Eleventh Circuit before filing this successive petition, the petition should be dismissed *sua sponte*. See *Gipson v. Sec'y, Dep't of Corr.*, 784 F. App'x 683, 683-84 (11th Cir. 2019). A court does not err by *sua sponte* dismissing a § 2254 petition so long as it gives petitioner notice of its decision and an opportunity to be heard in opposition. See *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019) (holding that the district court did not err by *sua sponte* dismissing plainly untimely § 2254 petition where the court provided the petitioner with "adequate notice and an opportunity to respond") (quotation marks omitted). This Report and

Recommendation provides Petitioner an opportunity to file objections and, thus, affords him both notice and a reasonable opportunity to respond. *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) (holding that plaintiff "was afforded both notice and a reasonable opportunity to oppose" procedural default when he was given an opportunity to object to the magistrate judge's Report and Recommendation that "placed [him] on notice that procedural default was a potentially dispositive issue").

The undersigned also finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Here, whether the petition is successive does not turn on any contested factual issue. Therefore, an evidentiary hearing would not assist in determining whether Petitioner is entitled to relief and is not warranted.

Also, the court should not rule on a certificate of appealability ("COA") because a COA is unnecessary when dismissing a case as successive. *See Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 n.3 (11th Cir. 2020) ("Although generally appeals from § 2254 proceedings require a certificate of appealability ('COA'), no COA is necessary to appeal the dismissal for lack of subject matter jurisdiction of a successive habeas petition because such orders are not 'a final order

in a habeas corpus proceeding.'") (citing *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004)).

Accordingly, it is respectfully RECOMMENDED:

1. That the petition, Doc. 1, be DISMISSED for lack of jurisdiction because the petition is an unauthorized successive petition.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 21th day of October, 2024.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:24cv501-LC-HTC